**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| THOMAS WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 4:08CV1551-DJS |
| ) | |
| BNSF RAILWAY COMPANY, ) | |
| ) | |
| Defendant. ) | |

## ORDER

On August 8, 2006, plaintiff Thomas Williams filed a petition against defendant BNSF Railway Company in the Circuit Court for the City of St. Louis. The three-page petition sets forth a single cause of action, for breach of contract, based on defendant's alleged breach of the settlement agreement reached by the parties to resolve a prior dispute under the Federal Employers Liability Act ("the FELA settlement"). A year later, in August 2007, the case was transferred to the Circuit Court of St. Louis County. More than a year thereafter, on September 18, 2008, defendant took plaintiff's deposition. Claiming that this deposition testimony revealed an issue in the case governed by the Railway Labor Act, 45 U.S.C. §151 *et seq.*, defendant removed the case to this federal court on the basis of federal question jurisdiction. Now before the Court is plaintiff's motion to remand the action to the state court from which it was removed.

Plaintiff's petition alleges that the FELA settlement provided that plaintiff's health insurance through BNSF/United Healthcare was to be extended through 2007 for him and through 2006 for his dependents, and that to accomplish that end, defendant would have to report compensated service to United Healthcare in the year 2005. Petition [Doc. #1-4], p.2. The petition further alleges that plaintiff received compensated service pay, but that defendant's failure to report such compensated service to United Healthcare resulted in, or would result in, the cessation of insurance for plaintiff's dependents on January 1, 2006 and for plaintiff himself on January 1, 2007. Id. at 2-3.

In support of remand, plaintiff argues that the Railway Labor Act is not implicated in the action so as to support removal on federal question grounds. Plaintiff further contends that the removal, some 790 days after the filing of the action in state court, is not timely, and that defendant is chargeable with knowledge of the Railway Labor Act's role, if any, dating back to the original filing of the petition. Defendant argues in response that plaintiff's claim is based upon rights created by a collective bargaining agreement or substantially dependent upon interpretation of a collective bargaining agreement, such that the complete preemption of the Railway Labor Act renders the case properly removable. More specifically, defendant argues that a determination whether the payments made to plaintiff would entitle

plaintiff and his dependents to health care benefits depends upon the terms of the contract between defendant and the union.

On its face, the well-pleaded complaint does not disclose any federal question. Although the removal is predicated upon information first discoverable from plaintiff's deposition testimony, neither the notice of removal nor defendant's two memoranda in opposition to the motion to remand provide a cite to any particular page of the 55-page transcript of the deposition. Defendant characterizes that testimony as indicating plaintiff's belief that certain profit-sharing payments received by him were sufficient to qualify him and his dependents to receive health insurance benefits, and defendant further suggests that whether or not that is so depends upon interpretation and application of the collective bargaining agreement between plaintiff's union and defendant. Notice of Removal [Doc. #1], ¶¶12 & 14.

The claim stated in plaintiff's petition, however, concerns the alleged breach by defendant/employer of a settlement agreement not involving the union, and is predicated upon defendant's failure to report certain payments to United Healthcare. Whether or not such payments would have qualified plaintiff and his dependents for healthcare benefits is a subsidiary matter implicated by plaintiff's breach of contract claim only to the extent that it relates to whether plaintiff was damaged by defendant's alleged violation of the settlement agreement. What is directly implicated by plaintiff's claim is an

3

analysis of what the parties' settlement agreement required of defendant, and whether that was done.

The Eighth Circuit has adopted a broader interpretation of the RLA's preemptive power than some other circuits have done. See, e.g., Sullivan v. American Airlines, Inc., 424 F.3d 267, 277 n.9 (2nd Cir. 2005) ["In holding that there is no complete preemption under the RLA, we align ourselves on one side of a circuit split and follow what seems to be an emerging trend."]. Even applying the Eighth Circuit's approach, the Court is not persuaded that defendant has demonstrated the existence of a federal question via preemption so as to support removal of a state law breach of contract claim. As the Supreme Court has observed, a dispute involving duties and rights created by a railroad collective bargaining agreement is subject to preemption by the RLA. Hawaiian Airlines, Inc. v. Norris, 512 U.S. 246, 260 (1994). Conversely, "a state-law cause of action is not pre-empted by the RLA if it involves rights and obligations that exist independent of the [collective bargaining agreement]." Id. at 256, 260. In the case at bar, the breach of contract cause of action is premised upon obligations that arise from the parties' settlement agreement, independent of defendant's collective bargaining agreement with the union.

Furthermore, in the record now before the Court, defendant does not actually contend that the view it claims plaintiff expressed in his deposition testimony is a mistaken

4

belief about the application of either the collective bargaining agreement or the yet-further-underlying ERISA plan governing health benefits. The need to interpret a disputed point concerning those documents is therefore not shown. Even so, "a mere need to reference or consult a collective bargaining agreement during the course of state court litigation does not require preemption." <u>Gore v. Trans World Airlines</u>, 210 F.3d 944, 949 (8th Cir. 2000).

The petition itself clearly discloses plaintiff's theory for the eligibility of himself and his dependents for health insurance via defendant's payment and reporting of "compensated service" in 2005. If, as defendant asserts, the eligibility for health benefits is a matter governed by the collective bargaining agreement between defendant and the union, the potential involvement of that issue was plain from the initial pleading itself. Whether or not deposition testimony may constitute an "other paper" for purposes of §1446(b), it did not here first make ascertainable that the case is one which is removable based on preemption by the RLA.

In summary, the removal of this action some 790 days after its filing was not timely, as the asserted basis for the federal question in the case was apparent from the face of the petition. In addition, the federal question allegedly involved is not shown to be central to the plaintiff's cause of action or even in dispute, and the alleged preemption by the RLA is therefore not clearly demonstrated. Finally, defendant bears the burden of

demonstrating that this Court's removal jurisdiction is properly invoked, and doubts about federal jurisdiction are to be resolved in favor of remanding the action to the state court. <u>Owens Equip. & Erection Co. v. Kroger</u>, 437 U.S. 365, 377 (1978); <u>In re Bus. Men's Assur. Co. of Am.</u>, 992 F.2d 181, 183 (8th Cir. 1993). For all the foregoing reasons, plaintiff's motion will be granted and the action will be remanded.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to remand [Doc. #7] is granted.

**IT IS FURTHER ORDERED** that this action shall be remanded to the Circuit Court of St. Louis County, Missouri.

Dated this   18th   day of December, 2008.

/s/Donald J. Stohr
UNITED STATES DISTRICT JUDGE